RECEIPT NUMBER

200 520950

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

D'Quinn N. Young and
Derrick N. Young

        Plaintiffs,

  -vs-

City of Detroit,
a municipal corporation, and
City of Detroit Police Officers,
Barbara Simon and John Doe 1, John Doe 2,
Individually, and in their official capacities,

        Jointly and Severally,

        Defendants.

JUDGE : Rosen, Gerald E.
DECK : S. Division Civil Deck
DATE : 02/07/2005 @ 14:50:21
CASE NUMBER : 2:05CV70487
CMP YOUNG ET AL V. CITY OF DET
(DA)

Magistrate Judge Steven D. Pepe

PAUL M. HUGHES, P 36421
Attorney for Plaintiffs
65 Cadillac Square, Suite 2915
Detroit, MI 48226
(313) 964-6465

FILED '05 FEB -7 P3:01

## COMPLAINT and JURY DEMAND

### COMMON ALLEGATIONS

**NOW COME** Plaintiffs **D'Quinn Young** and **Derrick Young**, by and through their attorney, **Paul M. Hughes**, and for their complaint state as follows:

1. Plaintiffs, D'Quinn Young and Derrick Young, are residents of the City of Detroit, State of Michigan who bring this matter pursuant to 42 USC §1983 for violation of their constitutional rights by the Defendants.

2. Defendant City of Detroit is a municipal corporation located in the County of Wayne which operates among other things, a police department in the City of Detroit, State of Michigan.

3. Defendants Barbara Simon and John Does at all times relevant to this complaint were agents and/or employees of the Defendant City of Detroit.

4. At all times relevant herein, all individually named Defendants were acting within the scope of their employment, under their authority as police officers and under color of law.

5. The Civil Rights Act, 42 USC §1983, provides for civil liability for the deprivation of any right, privilege or immunity secured by the Constitution and laws of the United States, while committed under color of law.

6. Defendants are civilly liable to Plaintiffs pursuant to 42 USC §1983, because all the actions described in this complaint were deliberate, grossly negligent, reckless, wilful, wanton, malicious and/or intentional acts and/or omissions of Defendants, were committed under the color of law and pursuant to the customs, policies and/or practices of Defendant City of Detroit, all of which subjected Plaintiffs to deprivation of their rights, privileges and immunities secured by the United States Constitution.

7. As a direct and proximate result of the wrongful conduct and Constitutional violations by the Defendants, Plaintiffs suffered serious and permanent injuries to their body and mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of

life, humiliations, degradation and emotional injuries, all past, present and future.

8. Defendant City of Detroit and its supervisory personnel are liable for their intentional, deliberately indifferent, wilful, wanton, reckless and/or grossly negligent acts and/or omissions, which constituted customs, policies and/or practices, which resulted in the unlawful, unjustified, wrongful and unconstitutional seizure of each Plaintiffs' liberty, person and health, without due process of law, all of which proximately resulted in their injuries.

9. Defendant City of Detroit is liable under federal law for all injuries proximately caused by:

    A.    Intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions committed pursuant to customs, policies, usage and/or practices which deprive citizens of their rights, privileges and/or immunities secured by the Constitutions and laws of the United States and/or of the State of Michigan, including but not limited to:

        I.    Defendant's directions, policies, practices and/or customs from which the employees' and/or agents' acts or omissions were foreseeable;

        ii.    conduct by such employees and/or agents in which Defendant acquiesced, explicitly or implicitly;

        iii.    conduct which resulted from the failure to train or oversee the training of such employees and/or agents;

        iv.    conduct of such employees and/or agents which supervisory personnel could foresee because the previous behavior of such employees and/or agents created the

        potential for such acts or omissions and which were not corrected; and/or

    v.    acts of such employees and/or agents which were caused by or permitted in violation of a statutory duty.

10.    The events out of which this cause of action arose occurred on February 8, 2002, in the City of Detroit, State of Michigan.

11.    The factual predicate of the individual Defendants' liability is as follows:

    a.    the on February 8, 2002, Plaintiffs were arrested in the City of Detroit without a warrant in connection with the murder of Emmitt Harvey, Detroit Police Homicide File number 98-229.

    b.    that the Plaintiffs were held until February 13, 2002 before they were taken before a magistrate at which time they were arraigned and then remanded to the Wayne County Jail.

    c.    that the Plaintiffs had their preliminary exam at the 36th District Court which continued over a period of months and on August 2, 2002, the examining magistrate found there was insufficient evidence to constitute probable cause to believe the Plaintiffs had committed any crime and their case was dismissed.

    d.    that the basis of the information for the issuance of the warrant against the Plaintiffs was from unreliable sources and generated in part out of a personal vendetta on the part of some of the alleged witnesses father against one of the Plaintiffs.

    e.    that material statements contained in the warrant request used to obtain the warrant and to effect the arrest of the Plaintiffs was false and or were made with a reckless disregard for the truth.

    f.    that the criminal prosecution brought against the Plaintiffs was brought out of malice and not for the purposes of pursuing justice.

    g.    that material statements contained in the warrant request used to obtain the warrant and to effect the arrest of the Plaintiffs could have been determined as being false had they not been accepted by the officers in question with a reckless disregard for the truth.

## COUNT I
## VIOLATION OF RIGHT TO PROMPT ARRAIGNMENT
## INDIVIDUAL POLICE OFFICER DEFENDANTS

Plaintiffs hereby reallege and incorporate by reference all of the paragraphs and counts above as if fully set forth herein word for word.

12. The Plaintiffs were arrested without a warrant on February 8, 2002 and without justification for any delay, were not taken before a magistrate until February 13, 2002.

13. That said conduct violated their right to a prompt arraignment and speedy trial.

WHEREFORE, Plaintiffs seek Judgment against Defendants, in whatever amount to which they are entitled which is reasonable, fair and just, plus costs, interest and attorney's fees, together with exemplary and/or punitive damages.

## COUNT II
## FALSE ARREST AND FALSE IMPRISONMENT
## INDIVIDUAL POLICE OFFICER DEFENDANTS

Plaintiffs hereby reallege and incorporate by reference all of the paragraphs and counts above as if fully set forth herein word for word.

14. Defendant individual Police Officers, while at all times relevant herein acting within the scope of their employment for Defendant City of Detroit and under color of law as police officers, intentionally compelled the Plaintiffs to be

unlawfully restrained, under pretense that they had violated the law; said acts constituting false arrest and false imprisonment.

15. In making said false arrest and false imprisonment, Defendants caused the Plaintiffs to be incarcerated for a period of nearly 6 months in the Wayne County Jail.

16. That the information used to support the warrant under which the Plaintiffs was arrested was based on false information, that the police officers obtaining the warrant knew or should have known was false, but was put forth anyway either intentionally or with a reckless disregard for the truth.

17. That the Defendant police officers, while acting within the scope of their employment, knowingly and intentionally falsely arrested and imprisoned Plaintiffs without probable cause to believe that Plaintiffs had violated the law and knowing that the information obtained to get a warrant was from unreliable sources.

WHEREFORE, Plaintiffs seek Judgment against Defendants, in whatever amount to which they are entitled which is reasonable, fair and just, plus costs, interest and attorney's fees, together with exemplary and/or punitive damages.

### COUNT III
### MALICIOUS PROSECUTION
### INDIVIDUAL POLICE OFFICER DEFENDANTS

Plaintiffs hereby reallege and incorporate by reference all of the paragraphs and counts above as if fully set forth herein word for word.

18. At all times relevant herein, Defendant individual police officers instituted criminal proceedings against the Plaintiffs.

19. There was no probable cause existing to institute the proceedings.

20. The criminal prosecution ended in favor of the Plaintiffs when the 36th District Court magistrate ruled there was insufficient evidence to establish probable cause that the Plaintiffs had committed a crime.

21. The criminal charges brought against the Plaintiffs were made with malicious motive.

WHEREFORE, Plaintiffs seek Judgment against Defendants, in whatever amount to which they are entitled which is reasonable, fair and just, plus costs, interest and attorney's fees, together with exemplary and/or punitive damages.

### COUNT IV
### 42 USC §1983
### MUNICIPAL/SUPERVISORY LIABILITY

Plaintiffs hereby reallege and incorporate by reference all of the paragraphs and counts above as if fully set forth herein word for word.

22. At all times relevant herein, Defendant City of Detroit, acting through its supervisory officers and officials, by their own customs, policies and/or practices, maintained a policy that allowed for the arrest of individuals on less than probable cause, allowed for detention of individuals arrested without warrants beyond the time necessary to obtain a warrant as a

7

regular matter of course and maintained and/or enforced, a policy, custom or practice of seeking warrants based on less than probable in violation of the United States Constitution, Amendments IV and XIV.

23.  At all times relevant herein, Defendant City of Detroit, acting through its supervisory officers and officials, by their own customs, policies and/or practices of systematically failing to properly train, evaluate, supervise, investigate, review and/or discipline its police officers, allowed, acquiesced in, and/or encouraged the individual police officer Defendants to function as police officers and to unlawfully institute process to confront, falsely arrest and imprison, and otherwise violate Constitutional rights, thereby directly and proximately depriving Plaintiffs of their right to be free from false arrest, false imprisonment and other unreasonable intrusions against their person without due process of law, in violation of the United States Constitution, Amendments IV and XIV.

24.  At all times relevant herein, Defendant City of Detroit by its directions, policies, procedures, practices and/or customs, from which the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and or omissions of the individual officers, who were under its supervision were foreseeable, allowed, acquiesced in and/or encouraged said officers to function as police

officers and to unconstitutionally arrest and falsely imprison citizens including Plaintiffs thereby proximately causing Plaintiffs to be deprived of their liberty, and their freedom from unreasonable intrusions against their person and their right to be free from false arrest, false imprisonment and other unreasonable intrusions against their person without due process of law, in violation of the United States Constitution, Amendments IV and XIV.

25.  At all times relevant herein, Defendant City of Detroit by its failure to train, supervise, discipline and/or correct the behavior of the employees and/or agents under its supervision, including but not limited to the individual officers, of which said Defendant City of Detroit knew or should have known, created the potential for the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and or omissions of said officers, allowed, acquiesced in and/or encouraged said individual Defendants to function as police officers and to unlawfully confront, falsely arrest and falsely imprison citizens including Plaintiffs thereby proximately causing Plaintiffs to be deprived of their liberty and of their right to be free from unreasonable intrusions against their person without due process of law, in violation of the United States Constitution, Amendments IV and XIV.

Respectfully submitted,

**LAW OFFICES OF PAUL M. HUGHES**

*[signature]*

Paul M. Hughes, P 36421
Attorney for Plaintiffs
65 Cadillac Square, Suite 2915
Detroit, MI 48226
(313) 964-6465

Dated: February 7, 2005

### JURY DEMAND

**NOW COME** Plaintiffs **D'Quinn Young and Derrick Young**, by and through their attorney, **Paul M. Hughes**, who hereby demand a jury trial as to all counts alleged herein.

Respectfully submitted,

**LAW OFFICES OF PAUL M. HUGHES**

*[signature]*

Paul M. Hughes, P 36421
Attorney for Plaintiffs
65 Cadillac Square, Suite 2915
Detroit, MI 48226
(313) 964-6465

Date:   February 7, 2005

ORIGINAL

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
D'Quinn N. Young et al

### DEFENDANTS
City of Detroit, et al

(b) County of Residence of First Listed Plaintiff: **WAYNE**
(EXCEPT IN U.S. PLAINTIFF CASES) OC163

County of Residence of First Listed Defendant: **WAYNE**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paul M. Hughes (P36421)
65 Cadillac Sq., Ste. 2915
Detroit, MI 48226 (313) 964-6465

Attorneys (If Known)
Gerald E. Rosen
70487

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☒ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☒ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service / ☐ 850 Securities/Commodities/Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) / ☐ 863 DIWC/DIWW (405(g)) | |
| ☒ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☒ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts / ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | | FEDERAL TAX SUITS | |
| ☒ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983
Brief description of cause: False Arrest Malicious Prosecution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Undetermined
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
NA (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 2/7/05
SIGNATURE OF ATTORNEY OF RECORD: [signature] P36421

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.   Is this a case that has been previously dismissed?   ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.   Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes: _____